STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>PREGAME LLC, a Nevada general partnership formerly organized as a limited-liability company; RANDALL J. BUSACK and R.J. BELL, general partners in PREGAME LLC,<br><br>Defendants. | Case No.: 2:10-cv-0850<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Pregame LLC, a Nevada general partnership formerly organized as a limited-liability company ("Pregame"), Randall J. Busack ("Mr. Busack"), and R.J. Bell ("Mr. Bell"; collectively with Pregame and Mr. Busack known herein as the "Defendants"), on information and belief:

**NATURE OF ACTION**

1.  This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Bell is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5. Mr. Busack is, and has been at all times relevant to this lawsuit, a resident of Nevada.

6. On or about February 5, 2008, a business entity named Pregame LLC ("Pregame LLC") was organized as a Nevada limited-liability company.

7. As of June 1, 2010, Pregame LLC is an entity in default status.

8. As of June 1, 2010, Pregame LLC is no longer a validly subsisting entity recognized by the Nevada Secretary of State, which is evidenced by the Nevada Secretary of State entity database, attached hereto as Exhibit 1.

9. Mr. Busack and Mr. Bell are, and have been at all times relevant to this lawsuit, the general partners associated with the business entity formerly organized as Pregame LLC.

10. Despite Pregame LLC's default status, the general partners of the business entity formerly organized as Pregame LLC, at all times relevant to this lawsuit, have conducted and continue to conduct business under the name Pregame LLC.

11. At all times relevant to this lawsuit, the business entity formerly organized as Pregame LLC was and is a business for profit.

12. At all times relevant to this lawsuit, Mr. Busack and Mr. Bell shared and share in the profits of the business entity formerly organized as Pregame LLC.

13. At all times relevant to this lawsuit, the conduct of Mr. Busack and Mr. Bell, general partners of the business entity formerly organized as Pregame LLC, constituted and constitutes a Nevada general partnership.

14. As of June 1, 2010, the business entity formerly organized as Pregame LLC, is a Nevada general partnership known as Pregame.

15. As of June 1, 2010, the business entity formerly organized as Pregame LLC is identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <pregame.com> (the "Domain").

16. The Defendants are, and have been at all times relevant to this lawsuit, transacting business at www.pregame.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

17. Mr. Busack is, and has been at all times relevant to this lawsuit, a general partner of Pregame LLC, and currently known as Pregame.

18. Mr. Bell is, and has been at all times relevant to this lawsuit, a general partner of Pregame.

19. As of June 1, 2010, Mr. Busack is, and has been at all times relevant to this lawsuit, identified by the Nevada Secretary of State as the manager of the business entity formerly organized as Pregame LLC.

20. As of June 1, 2010, Mr. Bell is identified by GoDaddy as the administrative and technical contact for the Domain.

21. Mr. Bell is, and has been at all times relevant to this lawsuit, the self-proclaimed "Owner at Pregame.com," as evidenced by Mr. Bell's LinkedIn webpage, attached hereto as Exhibit 2.

22. Mr. Bell is, and has been at all times relevant to this lawsuit, identified on the Website, as the "President and Founder" of the Website.

## JURISDICTION

23. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

24. Pregame purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

25. Mr. Busack purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

26. Mr. Bell purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

27. Righthaven is the owner of the copyright in the literary work entitled, "Sharp money avoids Saints" (the "Work"), attached hereto as Exhibit 3.

28. The Defendants copied, on an unauthorized basis, the Work from a source emanating from Nevada.

29. On or about February 6, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 4, on the Website.

## VENUE

30. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

31. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and § 1400(a), because the Defendants may be found in Nevada.

## FACTS

32. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

33. Righthaven is the owner of the copyright in the Work.

34. The Work was originally published on February 5, 2010.

35. On April 30, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138825 (the "Registration") and attached hereto as Exhibit 5 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

36. As of June 1, 2010, Pregame LLC is, and has been at all times relevant to this lawsuit, identified by GoDaddy as the registrant of the Website.

37. As of June 1, 2010, neither Pregame LLC, nor Pregame has filed with the USCO, as an online service provider with a designated agent to receive notification of claims of infringement.

38. As of June 1, 2010, neither Pregame LLC, nor Pregame has afforded itself the protection of an online service provider, pursuant to 17 U.S.C. §512.

39. No later than February 6, 2010, Mr. Bell posted the Infringement on the Website.

40. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

41. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

42. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 41 above.

43. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

44. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

45. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

46. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

47. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

48. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

49.     The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

50.     The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

51.     Pregame has willfully engaged in the copyright infringement of the Work.

52.     Mr. Busack has willfully engaged in the copyright infringement of the Work.

53.     Mr. Bell has willfully engaged in the copyright infringement of the Work.

54.     The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

55.     Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

6

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

  3. Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

  4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

  5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

  6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

  7. Grant Righthaven such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of June, 2010.

              RIGHTHAVEN LLC

              By: /s/ J. Charles Coons
              STEVEN A. GIBSON, ESQ.
              Nevada Bar No. 6656
              J. CHARLES COONS, ESQ.
              Nevada Bar No. 10553
              JOSEPH C. CHU, ESQ.
              Nevada Bar No. 11082
              9960 West Cheyenne Avenue, Suite 210
              Las Vegas, Nevada 89129-7701
              Attorneys for Plaintiff